*J. R. Swan, J.
I concur in the opinion, that the burden of proof was upon the carriers to show that there was no negligence; .and that, if the loss was the result of any negligence, it was within any exception provided in the contract.
But in thus holding and requiring proof by the carrier of the •cause of the loss and of care, the course of proof in the case must, necessarily, be thus: the plaintiff first proves the' delivery of the .goods to the carrier, and that they were not received by the plaintiff. This entitles the plaintiff to recover. The carrier must then prove that the loss arose from one of the exceptions provided for by the ■contract, and that the servants of the carrier were in the due exercise of care. This proof made out prima facie, would entitle the carrier to a verdict. The plaintiff then may prove any fact or omis•sion of duty establishing negligence. If this fact be a specific one, upon which the witnesses of the carrier were not examined, such, •for instance, as that the engine should have been stopped, it is, I ■conceive, the right of the defendant to rebut such testimony; for the specific fact, and omission of .care, upon which the action is founded, is then for the first time disclosed and proved by the plaintiff. According to my view of the case, under the rule adopted by the majority of the court and applied in this case, the carrier is first required to make out & prima facie case of care, and then, when the plaintiff proves his cause of action, the defendant is precluded from giving evidence in his defense; for how can he anticipate what act of negligence will be proved against him? Surely, he is not to come prepared with witnesses to rebut every possible claim of neglect that may be alleged. This would require witnesses to be produced at perhaps great cost, and consume the time of the court, in rebutting claims never intended to be made by the plaintiff.
The present action was brought to recover damages on account •of loss of goods arising from the servant of the carrier not stopping his engine, under circumstances which due care demanded. The *383, 384 ■ground of the action was not disclosed by the pleadings or *the proof, or by any reference to it in the examination of witnesses, until the plaintiff gave in his rebutting testimony. I think the judgment should be reversed.
Thurman, C. J., concurred with Judge Swan.